**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT RICHARD CSECH,   )<br>    )<br>    Petitioner,   )<br>    )<br>vs.   )<br>    )<br>JOHN IGNACIO, et al.,   )<br>    )<br>    Respondents.   )<br>  _____/ | Case No. 3:05-cv-0449-ECR-RAM<br><br>ORDER |

　　　　This action proceeds on the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Robert Csech, a Nevada prisoner represented by counsel. Before the Court are respondents' motion to dismiss (Docket #40), petitioner's opposition (Docket #45), and respondents' reply. (Docket #49).

**I.   Procedural History**

　　　　On August 16, 1996, petitioner was convicted, pursuant to guilty pleas, of lewdness with a child under the age of fourteen and sexual assault. Petitioner was sentenced to 48-120 months imprisonment for lewdness with a child under the age of fourteen. For the crime of sexual assault,

petitioner was sentenced to life imprisonment with the possibility of parole. (Exhibit 10).[1]

Petitioner filed a direct appeal which was dismissed on November 14, 1996, pursuant to stipulation of petitioner and the State for voluntary dismissal of the appeal. (Exhibits 15 and 16).

On July 31, 1997, petitioner filed a state petition for a writ of habeas corpus. (Exhibit 22). In his state habeas petition, petitioner claimed that: (1) trial counsel was ineffective for not determining if he was competent to stand trial; (2) trial counsel was ineffective because statements were obtained in violation of his *Miranda* rights; and (3) trial counsel was ineffective for failing to obtain a DNA test. (Exhibit 22). On November 21, 1997, the state district court dismissed the petition. (Exhibit 26).

On January 15, 1998, the Nevada Supreme Court dismissed petitioner's appeal from the denial of his state habeas petition, because petitioner did not file his notice of appeal until December 31, 1997, after the expiration of the thirty-day appeal period prescribed by NRS 34.575. Petitioner's notice of appeal was due on December 29, 1997. Petitioner's untimely notice of appeal failed to vest jurisdiction in the Nevada Supreme Court. (Exhibit 30).

Petitioner sought rehearing, arguing that he sent his notice of appeal on December 26, 1997, within the thirty-day period prescribed by NRS 34.575(1), and that his notice of appeal should be deemed timely filed. (Exhibit 33). Documentation provided to the Nevada Supreme Court showed that the Nevada Department of Prisons had no record regarding when petitioner delivered his notice of appeal to prison officials. (Exhibit 35). On September 29, 1998, the Nevada Supreme Court denied rehearing. (Exhibit 35). Remittitur issued on October 7, 1998. (Exhibit 37).

On December 15, 1998, petitioner mailed his federal habeas petition to this Court. (Respondents' Exhibit 1; Petition filed in *Csech v. Ignacio*, CV-N-98-0742-ECR-PHA). The Court denied petitioner's motion for the appointment of counsel and gave him an opportunity to supplement

---

[1] The exhibits referenced in this Order were provided by petitioner in support of the amended complaint at Docket #31, #32, and #33, as well as exhibits provided by respondents in support of the motion to dismiss, at Docket #41.

his petition with a statement of additional claims. (Respondents' Exhibit 2; Order, filed April 30, 1999, in *Csech v. Ignacio*, CV-N-98-0742-ECR-PHA).

Petitioner filed a motion for voluntary dismissal without prejudice. (Respondents' Exhibit 4, Motion, filed May 20, 1999, in *Csech v. Ignacio*, CV-N-98-0742-ECR-PHA). Respondents moved for a more definite statement. (Respondents' Exhibit 3; Motion, filed June 14, 1999, in *Csech v. Ignacio*, CV-N-98-0742-ECR-PHA). On May 25, 1999, this Court dismissed the petition without prejudice, based on petitioner's motion in which he stated his belief that additional grounds for habeas relief existed that had not been presented to the Nevada Supreme Court. (Respondents' Exhibit 5; Order, filed May 24, 1999, in *Csech v. Ignacio*, CV-N-98-0742-ECR-PHA). Judgment was entered on May 25, 1999. (Respondents' Exhibit 6; Judgment, filed May 25, 1999, in *Csech v. Ignacio*, CV-N-98-0742-ECR-PHA).

On January 21, 2000, petitioner filed a second state habeas petition. (Exhibit 42). On February 8, 2000, the state district court denied the petition. (Exhibit 47). On October 11, 2000, the Nevada Supreme Court affirmed the denial of the petition. (Exhibit 55). The Nevada Supreme Court held that the petition was untimely pursuant to 34.726(1) and that it was successive pursuant to NRS 34.810(2). (Exhibit 55). Remittitur issued on November 7, 2000. (Exhibit 57).

On June 14, 2004, petitioner mailed, or handed to a correctional officer for the purpose of mailing, a second federal habeas petition. (Respondents' Exhibit 7; Petition, Received June 16, 2004, in *Csech v. Ignacio*, CV-N-04-0315-ECR-VPC).[2] By order filed July 13, 2004, the Court directed petitioner to file an amended petition correcting the deficiencies of the petition, and directed petitioner to include all additional claims for relief of which he was aware. (Respondents' Exhibit 8; Order, filed July 13, 2004, in *Csech v. Ignacio*, CV-N-04-0315-ECR-VPC). Petitioner filed an amended petition.

---

[2] It appears that petitioner mistakenly wrote "6/14/02" as the date that he mailed the petition (see item 5 of petition), and respondents have used this date throughout the instant motion. The Court deems the petition mailed on June 14, 2004, because the petition was signed and dated June 14, 2004, and received by the Court two days later, on June 16, 2004.

1 This Court ruled that the amended petition did not state any viable habeas claims, and therefore
2 dismissed the action without prejudice. (Respondents' Exhibit 9, Order, filed August 16, 2004, in *Csech*
3 *v. Ignacio*, CV-N-04-0315-ECR-VPC).  Judgment was entered on August 18, 2004.  (Respondents'
4 Exhibit 10; Judgment filed in *Csech v. Ignacio*, CV-N-04-0315-ECR-VPC).

       On August 3, 2005, this Court received petitioner's third federal habeas petition.  (Docket #6).  The verification on the petition was signed and dated July 28, 2005. (Docket #6, at p. 9).  This Court appointed the Office of the Federal Public Defender to represent petitioner in this action. (Docket #18, Order, filed July 27, 2006). On April 13, 2007, petitioner, through appointed counsel, filed an amended petition. (Docket #30).

       The amended petition contains the following claims for habeas relief:

> Ground One (A): Petitioner alleges that his counsel was ineffective for failing to adequately investigate his competency, because petitioner had told counsel that he received treatment prior to his arrest in California, yet counsel did not obtain the medical records. Petitioner asserts that the judge requested that the jail evaluate him in their mental health facilities. Petitioner alleges that his counsel and the judge allowed him to plead guilty without a demonstration of competence, and his counsel failed to seek the assistance of a psychologist to investigate and prepare an adequate defense or to assist at sentencing. Petitioner asserts that he presented this claim to the Nevada Supreme Court in his appeal from the denial of his post-conviction state petition.

> Ground One (B): Petitioner claims that trial counsel was ineffective for recommending that he enter into a guilty plea agreement. Petitioner claims that the advice was based on a faulty and inadequate investigation of the case. Petitioner claims that counsel was ineffective for failing to tell him that his statement was inadmissible and that was a factor that induced him to plead guilty. Petitioner claims that his counsel told him that his statement was admissible and would be used against him at trial, and therefore he should enter a guilty plea. Petitioner claims that the statement was unconstitutionally obtained and that his statement would have been suppressed had counsel effectively moved to suppress it.

> Ground Two: Petitioner claims that his guilty plea was not knowingly, intelligently, and voluntarily entered. Petitioner asserts that the reporting records for transcriptions of the canvass have been destroyed. Petitioner asserts that he made several comments on the record that he did not understand the proceedings, that the trial judge became frustrated with his inability to comprehend the plea agreement and after several instances of

his inability to understand the proceedings, ordered a recess. Petitioner claims that he was receiving mental health treatment and medications from the Washoe County Detention Center at the time of the entry of the plea. Petitioner asserts that he presented this claim to the Nevada Supreme Court in his appeal from the denial of his post-conviction petition.

Ground Three: Petitioner claims that he was denied effective assistance of appellate counsel. Petitioner claims that appellate counsel sent him a motion and stipulation to dismiss his direct appeal. Counsel included with the motion a docketing statement and correspondence stating that he felt there were no issues for appeal. Petitioner states that he signed the document, but that he understood so little about it that he signed in the plea caption. Petitioner claims that he did not understand the ramifications of his signature. Petitioner states that he could have raised the following issues: (1) trial counsel error in failing to have him mentally evaluated prior to any proceedings in district court; (2) trial court error for failure to properly canvass petitioner, allowing a plea that was not entered voluntarily, intelligently, or knowingly. Petitioner makes no statement of exhaustion with respect to Ground Three.

## II. Discussion

### A. AEDPA Statute of Limitations

Respondents move to dismiss the amended petition as untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ( C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Although the Ninth Circuit Court of Appeals held in 2002, that a "properly filed application" was one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings" even if the petition was later held to be untimely, *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000), that position has since been held incorrect by the United States Supreme Court. *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). The Court in *Pace v. DiGuglielmo* held as follows,

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.*

**B. Application to the Instant Case**

In the present case, petitioner was convicted on August 16, 1996. Petitioner had until August 16, 1997, in which to submit a federal habeas action, unless the time was otherwise tolled.

Petitioner filed a notice of appeal on September 4, 1996, however, he stipulated to the dismissal of his appeal on November 14, 1996. Petitioner's state habeas petition was filed on July

31, 1997.[3] The time period from November 14, 1996, through July 30, 1997, is not tolled. 28 U.S.C. § 2254(d). This time period consists of 257 days.

The state district court dismissed petitioner's state habeas petition on November 21, 1997. Petitioner's notice of appeal, filed December 31, 1997, was determined by the Nevada Supreme Court to be untimely. (Exhibit 30 and 35). Therefore, the time between the state district court's dismissal of his state habeas petition and the time when the Nevada Supreme Court issued remittitur on October 7, 1998, following the denial of rehearing, was not tolled. 28 U.S.C. § 2244(d)(1)(A); *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005) (state post-conviction petition is not "properly filed" for purposes of statutory tolling under § 2244(d)(2) if it has been rejected as untimely by the state courts). This untolled time period amounts to 320 days.

The time period from October 7, 1998, through December 15, 1998, is not statutorily tolled because petitioner had no state post-conviction action pending. 28 U.S.C. § 2244(d)(2). That time amounts to 38 days.

Petitioner submitted a federal habeas petition on December 15, 1998. The action was dismissed on May 24, 1999. Judgment was entered on May 25, 1999. The time that petitioner was pursuing his federal habeas petition was not tolled. *Duncan v. Walker*, 533 U.S. 167 (2001). That time amounts to 162 days.

The time from May 25, 1999, to January 21, 2000, is not tolled, because petitioner had no state post-conviction action pending. 28 U.S.C. § 2244(d)(2). That time amounts to 241 days.

On January 21, 2000, petitioner filed a second state habeas petition. The petition was

---

[3] In his opposition papers, petitioner contends that pursuant to the mailbox rule, the state petition must be deemed filed on July 28, 1997, the day it was mailed, citing *Huzar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (mailbox rule applies to state habeas petitions under the tolling provisions of AEDPA). Respondents assert that the Nevada Supreme Court has held that the mailbox rule does not apply to the filing of state habeas petitions. *Gonzales v. State*, 118 Nev. 590, 593-96 (2002). Assuming *arguendo*, that the mailbox rule applies and that the state habeas petition was filed on July 28, 1997, the difference of three days is not determinative of the resolution of the instant motion.

denied, and on October 11, 2000, the Nevada Supreme Court found the petition untimely pursuant to NRS 34.726(1). On November 7, 2000, remittitur issued. The time during which petitioner was pursuing his second state habeas petition is not tolled. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (state post-conviction petition is not "properly filed" for purposes of statutory tolling under § 2244(d)(2) if it has been rejected as untimely by the state courts). That untolled time period amounts to 290 days.

Following the issuance of remittitur by the Nevada Supreme Court on November 7, 2000, and the commencement of his second federal habeas action on June 14, 2004, petitioner had no properly filed state post-conviction action pending in state court, therefore, the time is not tolled. 28 U.S.C. § 2244(d)(2). The untolled time amounts to 1,312 days.

On June 14, 2004, petitioner commenced his second federal habeas action. The action was dismissed and judgment was filed on August 18, 2004. The time between June 14, 2004, and August 18, 2004, while petitioner was pursuing his second federal habeas action is not tolled. *Duncan v. Walker*, 533 U.S. 167 (2001). That time amounts to 66 days.

Following the dismissal of his second federal habeas action on August 18, 2004, petitioner had no properly filed state post-conviction action pending. The time from the dismissal of the second federal habeas action on August 18, 2004, until the commencement of the instant federal habeas action on July 28, 2005, was not tolled. That time amounts to 344 days.

The total time that went untolled is 3,030 days, which is over 8 years. The instant federal habeas petition is woefully untimely pursuant to the one-year AEDPA statute of limitations. 28 U.S.C. § 2244(d).

**C. Petitioner is Not Entitled to Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).

Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner contends that he is entitled to equitable tolling "based on his personal circumstances and failure of counsel to explain the process or take an appeal on his behalf, as he is mentally impaired to the extent that he was unable to file his petition in a timely manner and he was not properly advised of his appeal rights." (Petitioner's Opposition, Docket #45, at pp. 8-9). There are no factual findings in the record to support petitioner's alleged "personal circumstances," his alleged mental impairment, or his attorney's alleged failure to inform him of his right to appeal. Petitioner has not explained what his "personal circumstances" were, and he has not specified the nature of his alleged mental impairment. Petitioner has not provided this Court with an explanation of why or how these factors caused and should excuse his 8-year delay in filing the instant federal habeas petition. Petitioner has not demonstrated diligent pursuit of his rights and extraordinary circumstances beyond his control made it impossible to file his federal habeas petition on time. Petitioner's current petition was filed over 7 years late without valid justification for the delay and will therefore be dismissed pursuant to 28 U.S.C. § 2244(d).

### III.   Certificate of Appealability

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability. In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination whether a certificate of appealability ("COA") issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under those circumstances "no appeal would be warranted." *Id.* Furthermore, the court may resolve either issue first when the answer to one issue is more apparent from the record and arguments. *Id.* at 485; *see Petrocelli v. Angelone,* 248 F.3d 877, 884 (9th Cir. 2001).

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims. Petitioner's habeas petition was filed over 7 years late and petitioner failed to demonstrate that he is

entitled to equitable tolling of the statute of limitations in this case.  No reasonable jurist could conclude that this Court's procedural ruling was in error.  Petitioner is not entitled to proceed further, and is not entitled to a Certificate of Appealability.

**IV.     Conclusion**

  **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #40) is **GRANTED** and the amended petition is **DISMISSED** with prejudice as untimely.  The Clerk shall enter judgment accordingly.

  **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 22nd day of February, 2008.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

-11-